## UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **Staff Sergeant (E-5),** | ) | **Misc. Dkt. No.  2014-04** |
| **SEAN M. OLIVER,** | ) | |
| **USAF,** | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **Brigadier General (O-7)** | ) | |
| **PATRICK X. MORDENTE,** | ) | |
| **USAF,** | ) | |
| Respondent | ) | **Panel No. 3** |


PER CURIAM:

Counsel for the Petitioner filed a Petition for Extraordinary Relief in this matter, seeking a writ of mandamus that orders the convening authority to grant the petitioner's request for the expert assistance of a mitigation specialist.  Specifically, the petitioner seeks expert assistance to present matters in mitigation and extenuation at an Article 32, UCMJ, investigation.

*Background*

The petitioner represents that he has been charged with numerous offenses including the premeditated murder of another servicemember, in violation of Article 119, UCMJ, 10 U.S.C. § 919.[1]  The appellant's defense counsel submitted a request for the general court-martial convening authority to appoint and provide funding for a qualified mitigation specialist to assist the defense in preparing its case.  That request represents that the Government intends to ask the Article 32 investigating officer to comment on capital referral qualifying factors under Rule for Courts-Martial (R.C.M.) 1004(c).  The respondent (the special court-martial convening authority) denied the request.  The petitioner represents that the request has been forwarded to the general court-martial convening authority but that commander has not yet acted on the request.

This petition followed, representing that the Article 32 investigation is scheduled for 12 May 2014.  The petition seeks a writ of mandamus ordering the respondent to provide a mitigation specialist for the Article 32 investigation, reasoning that because the Government is expected to present aggravating evidence under R.C.M. 1004(c), the

---

[1] The petition does not contain a copy of the charge sheet in this matter.

petitioner should have an equal opportunity to present evidence of extenuation and mitigation for the convening authority's consideration in deciding whether to refer this matter as a capital case.

*Law*

The All Writs Act, 28 U.S.C. § 1651(a), authorizes "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This Court is among the courts authorized under the All Writs Act to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013).

The Supreme Court has held that three conditions must be met before a court may provide extraordinary relief in the form of a writ of mandamus: (1) the party seeking the writ must have "no other adequate means to attain the relief"; (2) the party seeking the relief must show that the "right to issuance of the relief is clear and indisputable"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380-81 (2004) (internal quotation marks omitted). A writ of mandamus is "a drastic remedy to be used sparingly." *Morgan v. Mahoney*, 50 M.J. 633, 634 (A.F. Ct. Crim. App. 1999) (citing *Will v. United States*, 389 U.S. 90, 95 (1967)).

*Discussion*

We conclude it is appropriate to consider the petition under the All Writs Act. Having done so, we find the petitioner is not entitled to the relief requested.

The petition indicates that the petitioner has been charged with a capital offense and the Government asked the investigating officer to review possible capital aggravating factors. However, no court-martial exists at this point, let alone a court-martial referred as a capital case. Moreover, no military judge has had the opportunity to rule on any motions related to the pretrial investigation or the appointment of an expert.

Even when a case is referred as a capital matter, servicemembers do not have a per se right to a government-funded mitigation expert. *United States v. Kreutzer*, 61 M.J. 293, 305 (C.A.A.F. 2005). Prior to referral, determination of whether to approve a defense request for an expert witness is left to the province of the convening authority. R.C.M. 703(d).

The petitioner has not shown that he is prevented from presenting evidence in extenuation and mitigation at the upcoming Article 32 investigation, as is his right under

2

R.C.M. 405(f)(11). The petitioner is free to note at the Article 32 investigation his objection to not having the assistance of a government-appointed and government-funded mitigation specialist, and he can also make objections to the report of investigation when it is provided to the commander who directed the investigation. R.C.M. 405(h)(2) and (j)(3)-(4). In the event the convening authority refers the case to a court-martial (capital or otherwise), the petitioner will have the opportunity to pursue timely and appropriate remedies. For example, under R.C.M. 703(d), after referral, the petitioner may again request expert assistance from the convening authority, and if denied, he may renew his request before the military judge for decision. Also, pursuant to R.C.M. 905(b)(1), the petitioner may challenge the validity of the Article 32, UCMJ, investigation and subsequent referral by motion at trial and to this Court through the appellate review process under Article 66, UCMJ.

In short, extraordinary relief at this point is neither necessary nor appropriate. Having considered the matters submitted, we find the petitioner fails to demonstrate that extraordinary relief is warranted.

Accordingly, it is by the Court on this 9th day of May, 2014,

**ORDERED:**

The Petition for Extraordinary Relief is **DENIED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

3